**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JOAQUIN ANTONIO ZAPATA,

       Plaintiff,

v.

CWC TRANSPORTATION, LLC,
CARLOS ASSAYAG,
CLEMENTE E. CRUZ,
WILLIAM MASARO,

       Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JOAQUIN ANTONIO ZAPATA, brings this action against Defendants, CWC

TRANSPORTATION, LLC, CARLOS ASSAYAG, CLEMENTE E. CRUZ, and WILLIAM

MASARO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges

as follows:

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiff JOAQUIN ANTONIO ZAPATA was a resident of the

State of Florida and an "employee" of Defendants as defined by the FLSA.

3.     At all times material hereto, Defendant, CWC TRANSPORTATION, LLC, was a Florida

corporation with its principal place of business in Broward County, Florida, engaged in commerce

in the field of transportation of petroleum products, at all times material hereto was the "employer"

of Plaintiff as that term is defined under statutes referenced herein, engaged along with its

employees in interstate commerce, and has annual gross sales and/or business volume of $500,000

or more.

1

4.      Plaintiff was employed by Defendants as a driver.

5.      Defendant, CARLOS ASSAYAG, is a resident of Broward County, Florida and was, and now is, the manager, owner, and corporate officer of Defendant, CWC TRANSPORTATION, LLC; said Defendant acted and acts directly in the interests of Defendant, CWC TRANSPORTATION, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CWC TRANSPORTATION, LLC administratively and otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, CARLOS ASSAYAG was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.      Defendant, CLEMENTE E. CRUZ, is a resident of Broward County, Florida and was, and now is, the manager, owner, and corporate officer of Defendant, CWC TRANSPORTATION, LLC; said Defendant acted and acts directly in the interests of Defendant, CWC TRANSPORTATION, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CWC TRANSPORTATION, LLC administratively and otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, CLEMENTE E. CRUZ was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7.      Defendant, WILLIAM MASARO, is a resident of Broward County, Florida and was, and now is, the manager, owner, and corporate officer of Defendant, CWC TRANSPORTATION, LLC; said Defendant acted and acts directly in the interests of Defendant, CWC TRANSPORTATION, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CWC TRANSPORTATION, LLC administratively and otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of

2

others. Thus, WILLIAM MASARO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8.     Defendant CARLOS ASSAYAG controlled Plaintiff's pay.

9.     Defendant CLEMENTE E. CRUZ controlled Plaintiff's pay.

10.    Defendant WILLIAM MASARO controlled Plaintiff's pay.

11.    Defendant WILLIAM MASARO controlled Plaintiff's duties.

12.    Defendant CARLOS ASSAYAG had hiring and firing authority over Plaintiff.

13.    Defendant CLEMENTE E. CRUZ had hiring and firing authority over Plaintiff.

14.    Defendant WILLIAM MASARO had hiring and firing authority over Plaintiff.

15.    Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

16.    Plaintiff has attached a statement of claim as Exhibit A to provide a preliminary estimate of the damages. These amounts may change as Plaintiff engages in the discovery process.

17.    Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

18.    Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

19.    Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

20.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-19 above as if set forth herein in full.

21.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

22.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791

4