UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-62777-Moore/McAliley

JOAQUIN ANTONIO ZAPATA,

      Plaintiff,

v.

CWC TRANSPORTATION, LLC,
CARLOS ASSAYAG,
CLEMENTE E. CRUZ,
WILLIAM MASARO,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Joaquin Antonio Zapata ("Zapata"), files this response in opposition to Defendants' Motion to Dismiss & Memorandum of Law in Support [DE 11] ("Motion"), and in support thereof, states the following:

### I. Background

This case involves a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Zapata worked as a truck driver for Defendant CWC Transportation, LLC, ("CWC") a transporter of petroleum products by truck, and Defendants Carlos Assayag, Clemente E. Cruz, William Masaro, owners and managers of CWC during the period of Zapata's claims. Zapata's claims are for the period of November 23, 2013 through October 18, 2016.

Zapata worked for Defendants an average of 72 hours per week without being compensated at the overtime rate required under the FLSA. On November 11, 2016, Defendants filed the instant Motion arguing that Zapata's Complaint fails to state a claim upon which relief can be granted.

## II. Standard of Review

As this Court previously explained in *Roberts v. Caballero & Castellanos, PL*[1]:

> A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. U.S.,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group. Inc.,* 835 F.2d 270, 272 (11th Cir.1988). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1302 (11th Cir.2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir.2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss " 'even if it appears that a recovery is very remote and unlikely.' " *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (*overruled on other grounds by Twombly,* 550 U.S. at 548–49 (citation omitted)).

## III. Analysis

Pursuant to Rule 12(b)(6), Defendants seek dismissal of Zapata's claims because Defendants contend Zapata is exempt from overtime under the Motor Carrier Exemption:[2]

> 3. The Plaintiff fails to state a claim for which relief can be granted in that he is not entitled to overtime wages, as claimed by the Plaintiff, because the Plaintiff is an exempt employee who under the FLSA's section 13(b)(1) Motor Carrier Exemption ("MCA") is not entitled to overtime pay. *See* 29 U.S.C. § 213(b)(1).

The Motor Carrier Exemption is an affirmative defense that is Defendants' burden to prove and Zapata is not required to plead sufficient facts to show that he is not exempt:

---

[1] No. 09-23131-CIV, 2010 WL 114001, at *1 (S.D. Fla. Jan. 11, 2010).
[2] *Defendants' Motion* at ¶ 3.

2

> The Supreme Court has noted the "general rule that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). As the Second Circuit has stated, "the employer invoking the exemption bears the burden of proving that its employees fall within the exemption." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010); *see also Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) ("the law has placed the burden of proving that an exemption applies on the employer claiming the exemption"). Accordingly, as expressed in *Herman*, requiring a plaintiff to "plead sufficient facts in a judicial complaint under the FLSA to show that the employees were not exempt would effectively shift the burden on the issue of exemption from the employer to the [plaintiff]." *Herman*, 80 F. Supp. 2d at 1297; *see also DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (FLSA plaintiff was "not required to plead facts at this stage of the proceedings to support her position that she was a non-exempt employee").

*Cartwright v. M2R, Inc.*, No. 5:14-CV-02213-SGC, 2016 WL 3181402, at *2 (N.D. Ala. June 8, 2016)(emphasis added).

The allegations in Zapata's Complaint are not required to negate the possibility that Zapata is exempt under the Motor Carrier Exemption to avoid dismissal. *See Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006)(plaintiff not required to negate application of FLSA exemption, which is an affirmative defense, in the complaint); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1383 (S.D. Fla. 2012)("A plaintiff is not required to negate the possibility of independent contractor status in order to avoid dismissal."); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010)(plaintiff need not plead "allegations that rebut [the employer's] defense that she was an independent contractor"; the independent contractor exemption is "outside the scope of what the Court may consider on a motion to dismiss under [Rule] 12(b)(6) because the Court's analysis is limited to the four corners of [the employee's] Complaint").

3

### IV. Zapata was not engaged in interstate commerce.

Zapata's Complaint separately alleges that Defendants' engaged in interstate commerce and that Zapata was employed with Defendants as a truck driver:

> 3. At all times material hereto, Defendant, CWC TRANSPORTATION, LLC, was a Florida corporation with its principal place of business in Broward County, Florida, engaged in commerce in the field of transportation of petroleum products, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

> 4. Plaintiff was employed by Defendants as a driver.

Nowhere in Zapata's Complaint does Zapata allege that he was personally engaged in interstate commerce.

Initially, Defendants' Motion acknowledges the separate and distinct allegations in Zapata's Complaint that (1) Zapata was employed by Defendants as a driver,[3] and that (2) Defendants engaged in interstate commerce:[4]

> 1. The Plaintiff, alleges that all times material hereto, that he was a truck driver delivering petroleum products for his employer the Defendant who is engaged in interstate commerce. (Complaint Para. No. 3 and 4). The Plaintiff regularly operated petroleum trucks with gross weight (GCWR) greater than 10,001 lbs., as the Defendant does not own or operate fuel delivery trucks of a lesser size.[5]

That important distinction quickly vanishes, however, as Defendants' Motion expends the remainder of its 14 pages conflating the two allegations:

---

[3] *Plaintiff's Complaint* at ¶ 4.
[4] *Id.* at ¶ 3
[5] *Defendants' Motion* at ¶ 1.

> In ruling on a Motion to Dismiss, the court must accept the non-moving party's allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). It is very important to note that the Plaintiff clearly affirms in his Complaint that: (i) the Plaintiff is a professional truck driver; (ii) employed by the Defendant; and (iii) that the Defendant's business and the Plaintiff's employment as a truck driver is engaged in "interstate commerce." (Complaint Para. 3 and 4.)[6]

Zapata's Complaint never alleges that Zapata was engaged in interstate commerce while employed as a truck driver as Defendants' Motion asserts above.

> Fed. Appx. 303, 306 (11th Cir. 2009). Here, the Plaintiff acknowledged in his Complaint (Para No. 3 and 4) that he works as a truck driver delivering petroleum products by vehicle for the Defendant in interstate commerce. Additionally, the Defendant is registered and regulated by the[7]

Zapata never "acknowledged" that Zapata was delivering petroleum products in interstate commerce as Defendants' Motion asserts above.

> This initial analysis which incorporates the Plaintiff's own acknowledgements that he engages in the interstate transportation of petroleum products for the Defendant is more than a sufficient factual basis for this Court to find that the parties hereto are subject to the Motor Carrier Exception to the FLSA and as such, the Plaintiff is statutorily prevented from overtime compensation from the Defendant. Accordingly, this present action should be dismissed with prejudice.[8]

There have been no "acknowledgments" by Zapata that he engaged in the interstate transportation of petroleum products for Defendants as Defendants' Motion asserts above.

---

[6] *Defendants' Motion* at p. 2.
[7] *Id.* at p. 5.
[8] *Id.* at p. 8.

> There is no question that this requirement is satisfied under the MCA and section 13(b)(1) for the intrastate leg of the trip. ==The Plaintiff acknowledged in the Complaint (Para. 3 and 4) that as a driver for the Defendant, he and the Defendant are actively engaged in interstate commerce.== Therefore, this important element is met and as such the Plaintiff is exempt from overtime compensation under section 13(b)(1). Accordingly, the present action should be dismissed with prejudice.[9]

Once more, Zapata's Complaint never "acknowledged" that Plaintiff was delivering petroleum products in interstate commerce as Defendants' Motion asserts above.

> The undisputed facts of this case, which are delineated herein includes ==the Plaintiff himself acknowledging that he was a truck driver for the Defendant, who was engaged in interstate commerce.== Consequently, the Plaintiff is not entitled to overtime compensation as he is exempt in accordance with FLSA's section 13(b)(1) Motor Carrier Exemption. Accordingly, the Plaintiff is unable to state a cause of action for which relief can be granted. As such, this action should be dismissed with prejudice.[10]

Zapata never acknowledged that he was engaged in interstate commerce as Defendants' Motion asserts above.

Zapata was not engaged in interstate commerce. Nowhere in Zapata's Complaint does Zapata allege that he was engaged in interstate commerce.

WHEREFORE, Plaintiff requests that the Court deny Defendants' Motion [DE 11] and request for attorneys' fees.

---

[9] *Id.* at p. 11.
[10] *Id.* at p. 14.

        Respectfully submitted,

        Koz Law, P.A.
        320 S.E. 9th Street
        Fort Lauderdale, Florida 33316
        Phone: (786) 924-9929
        Fax:     (786) 358-6071
        Email: ekoz@kozlawfirm.com

        /s/ Elliot A. Kozolchyk

        Elliot Kozolchyk, Esq.
        Bar No.: 74791

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on December 16, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

        /s/ Elliot A. Kozolchyk

        Elliot Kozolchyk, Esq.

## SERVICE LIST

Randy M. Goldberg, Esq.
*Counsel for Defendants*
Randy M. Goldberg & Associates, P.A.
1101 SW 71st Ave
Plantation, FL 33317
Tel: (754) 224-0867
E-mail: rmgesq@comcast.net, randymgoldberg@gmail.com